■ RICHARD BANKS, Appellant, v COX, TREANOR & SHAUGHNESSY et al., Respondents. — Order, Supreme Court, New York County, entered October 27, 1980, denying plaintiff's motion to strike defendants' counterclaim and for summary judgment on the counterclaim, to cancel plaintiff's undertaking and grant plaintiff summary judgment on the complaint and setting the matter down for an assessment of damages, and denying defendants' cross motion to dismiss plaintiff's complaint and for summary judgment on the counterclaim of defendant 4 Tenants Corp. (4 Tenants), unanimously modified, on the law, to grant defendants' cross motion to dismiss the complaint and award defendant summary judgment on the counterclaim of defendant 4 Tenants, and remand the counterclaim for an assessment, and otherwise affirmed, without costs. Plaintiff and his wife were proprietary tenants of a co-operative apartment at 4 East 95th Street, Manhattan, owned by defendant 4 Tenants, a co-operative corporation. After the divorce of plaintiff and his wife, the monthly maintenance charges were paid on an irregular basis. 4 Tenants began a nonpayment dispossess proceeding in which a default judgment which remained unexecuted was obtained against plaintiff and his wife. A warrant was served terminating the proprietary lease, giving 4 Tenants the right to sell the stock and lease subject to the 4 Tenants claims and the equitable rights of plaintiff and his wife. Plaintiff and his wife secured a purchaser and a contract of sale was entered into among the purchaser, the plaintiff and his wife and 4 Tenants which affirmed the claims of 4 Tenants against the sale proceeds and recognized other claims. An essential consideration of the contract was that 4 Tenants would enter into a lease with the purchaser, and issue shares of stock to the purchaser if all moneys due 4 Tenants by the sellers were paid. Pursuant to the contract 4 Tenants duly rendered a statement of its claims, together with a copy of its attorneys' bill. Plaintiff and his wife agreed that all legal fees, charges and rents of plaintiff and his wife which amounted to $16,297.18 would be paid out of the proceeds of the sale. Plaintiff and his wife paid $10,695.30 leaving a balance of $5,601.88. 4 Tenants refused to transfer the co-operative shares until security was furnished to cover the $5,601.88. Plaintiff instituted this action charging the defendants with asserting a false and exaggerated lien against the stock in the sum of $5,601.88. As a condition of obtaining an order restraining defendants from asserting such claim or lien against plaintiff, plaintiff was required to file an undertaking in the amount of $7,500 "in accordance with Article 24 CPLR". It is plain that no lien was asserted. Pursuant to the agreement for sale, 4 Tenants merely asserted a claim for rent and expenses as set forth in the proprietary lease. Thus, no cause of action under the Lien Law is stated and defendants are entitled to summary judgment dismissing the complaint. It is undisputed that 4 Tenants had legal fees, court fees and disbursements and costs in connection with the dispossess proceeding, which plaintiff obligated himself to pay pursuant to the agreement. Plaintiff asserts that since these costs and expenses are related to the dispossess proceeding they should have been sought in that proceeding and that defendants are now barred from recovering them because there is a splitting of causes of action. This overlooks the fact that in the March 21, 1980 contract of sale, long after the dispossess, plaintiff undertook the obligation of paying the claim in consideration of receiving 4 Tenants' approval of the contract. Plaintiff is obligated by the terms of his

contract to make such payment. Special Term should have awarded 4 Tenants summary judgment and directed an assessment since plaintiff disputes the amount due. Concur — Kupferman, J.P., Birns, Sandler, Silverman and Fein, JJ.